IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TYRONE WALLACE, | : | |
|---|---|---|
| | : | 1:10-cv-225 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WARDEN B. A. BLEDSOE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## April 19, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 7), filed on March 16, 2010, which recommends that this action be dismissed. Plaintiff Tyrone Wallace ("Plaintiff" or "Wallace") filed objections to the R&R on April 14, 2010. (Doc. 11). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R and dismiss this action.

**I.    PROCEDURAL BACKGROUND**

1

Plaintiff, an inmate at the United States Penitentiary, Lewisburg ("USP-Lewisburg"), filed, *pro se*, the instant *Bivens*[1] civil rights action pursuant to 28 U.S.C. § 1331 on January 28, 2010. (Doc. 1). Plaintiff named the following individuals as Defendants: B.A. Bledsoe, Warden of USP-Lewisburg; J. Adami, Unit Manager at USP-Lewisburg; Mr. Bass, Educational Staff at USP-Lewisburg; Mr. Cahill, Educational Staff at USP-Lewisburg; and D. Williams, Inmate's Trust Fund Officer at USP-Lewisburg. Plaintiff also filed a motion for leave to proceed *in forma pauperis.* (Doc. 2).

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. 28 U.S.C. § 1915(e)(2)(B)(ii) Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. PLAINTIFF'S OBJECTIONS

The Plaintiff's "objections" to the R&R voice his essential disagreement with the Magistrate Judge's recommendations, however Plaintiff gives no substantive legal or factual basis for this objection. The objections are, quite simply, Plaintiff's restatement of the facts of the case. Plaintiff articulates no cognizable legal arguments in response to the R&R. Thus, in light of the Plaintiff's non-substantive and unsupported objections, we shall exercise our discretion when reviewing the Magistrate Judge's R&R to place reliance on Magistrate Judge Blewitt's reasoning.

## IV. DISCUSSION

### A. Allegations of the Complaint

In his Complaint, Plaintiff essentially claims that the prison staff named as Defendants retaliated against him, due to prior lawsuits filed by Plaintiff (Civil Actions 09-1858 and 09-2156) and grievances he made against staff. Plaintiff claims that the Defendants retaliated against him by failing to waive the costs of duplicating legal documents for him. Plaintiff avers that the Defendants forced him to sign a BP-199 Reimbursement Form for his photocopies instead of waiving costs. Plaintiff alleges that if he did not sign the BP-199, the educational department staff would not have given him his duplicates and this would have denied him access to the Courts. Plaintiff claims that, pursuant to Program Statement 1315.07, he was entitled to receive copies for free because he was "without funds." He further claims that Defendant Adami violated his constitutional rights by charging him for postage stamps despite the fact that he is indigent, in violation of Program Statement 5265.11.

Further, Plaintiff states that after he filed an administrative remedy grievance over the charges imposed on him by Defendants with respect to making duplicates of his legal filings, Defendant Williams allegedly retaliated against him by freezing his inmate account. Plaintiff also alleges that BOP staff violated the Fifth

5

Amendment by allegedly stealing pages of his First Amended Complaint in one of his civil actions. However, Plaintiff avers that he did receive all of the copies of that document, including the missing pages.

In his Request for Relief, Plaintiff seeks compensatory damages in the amount of $50,000.00 against each Defendant in his individual capacity, as well as monetary damages for mental and emotional injury. Plaintiff also seeks injunctive relief.

**B.     Analysis of Claims**

**1.     Claims against Warden Bledsoe**

As Magistrate Judge Blewitt correctly concludes, Plaintiff has made no allegations of personal involvement by Defendant Warden Bledsoe in this action. It is well established that Plaintiff cannot name Warden Bledsoe as a Defendant in this § 1983 action based solely on *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability cannot be predicated solely on the operation of *respondeat superior*, as a defendant must have personal involvement in a civil rights action). Accordingly because the Plaintiff's Complaint lacks sufficient allegations as to Defendant Bledsoe to establish that he had any personal involvement with the alleged violation of Plaintiff's constitutional rights, he shall be dismissed as a Defendant from this action.

## 2. First Amendment Claim - Denial of Access to Courts

Plaintiff alleges that he was denied access to the Courts in violation of the First Amendment by: 1) being forced to sign a BP-199 Reimbursement Form for photocopies of his legal documents when the costs should have been waived based on his indigent status; and 2) by being charged for postage stamps when the price could have been waived based on his indigent status.

As an initial matter, it is well to note that under the jurisprudence in this District, the BOP policy manual is not the basis for constitutional claims. *See Gross v. Warden*, 2008 WL 181307, *2, n. 2 (M.D. Pa. 2008); *Douglas v. BOP*, 2009 WL 1458177, *4, n. 10 (M.D. Pa. 1009). Further, the law is well-settled that *pro se* inmates must pay for the expenses involved in their civil actions, even if the inmate is proceeding *in forma pauperis*. *See Tabron v. Grace*, 6 F.3d 146, 159 (3d Cir. 1993) (holding that 28 U.S.C. § 1915 does not require the government to pay the costs of deposition transcripts or any other litigation expenses, and that no other federal statute authorizes courts to commit federal monies for payment of the necessary expenses of litigation).

As Magistrate Judge Blewitt reasoned, simply because Plaintiff is a *pro se* inmate and indigent does not entitle him to have photocopies made of his legal documents free of charge. The BOP Program Statements that Plaintiff cites to do

not give rise to a constitutional claim.  Moreover, Plaintiff has failed to state any actual injury with respect to his prior lawsuits.  As Magistrate Judge Blewitt did, we take judicial notice that neither of Plaintiff's prior lawsuits were dismissed due to his failure to file a legal document.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (requiring allegations that the document inmate was unable to file was non-frivolous to state an access to courts claim). Further, the fact that Plaintiff's instant action is the fourth recent action he has filed with this Court belies his claim that he has been denied access to the courts by being forced to pay for his copies and stamps.  Accordingly, we shall adopt Magistrate Judge Blewitt's recommendation that Plaintiff's First Amendment denial of access to the courts claim be dismissed.

### 3. Fifth Amendment Due Process Claim

Plaintiff also claims that the BOP educational department staff violated the Fifth Amendment by "stealing pages of [his] First Amended Complaint [in one of his prior actions] denying me access to the Court."  (Doc. 1, p. 2C).  Specifically, Plaintiff avers that he gave Defendant Bass his original First Amended Complaint and that Bass returned to him his original pleading and copies two week later.  Plaintiff claims that some of the original pages were missing, but that the duplicated copies were complete.

As with Plaintiff's First Amendment denial of access to courts claim, Plaintiff has not stated any actual injury with respect to his Fifth Amendment claim. To be sure, neither of the Plaintiff's former cases were dismissed for failure to file legal documents. In fact, Plaintiff did receive the missing pages and was able to file his First Amended Complaint to case number 09-1858. Thus, we agree with Magistrate Judge Blewitt's recommendation that this claim be dismissed.

### 4. First Amendment Retaliation Claim

Plaintiff alleges that the Defendants retaliated against him for filing civil lawsuits and grievances by denying him access to the courts, in violation of the First Amendment. In particular, Plaintiff alleges that, despite his indigent status, BOP staff refused to waive the costs of the copies of his legal documents and that they forced him to sign a BP-199 Reimbursement Form. As discussed above, neither of Plaintiff's former lawsuits were dismissed for his failure to file legal documents. Nor does Plaintiff have a constitutional right to have the expenses of his lawsuit paid for, despite is indigent or *in forma pauperis* status. Inasmuch as we have concluded that Plaintiff was not denied access to the courts, we need not address whether Plaintiff's allegations of retaliation. *See Banks v. Nicklin*, 2007 WL 2845045, *9, n. 10 (M.D. Pa. 2007) ("Because the record shows that the conduct of Defendants did not lead to the denial of [inmate] Banks' right to access to the

9

courts, the court need not address whether Defendants were retaliating against Banks.")(citing *Rauser v. Horn*, 241 F. 3d 330, 333 (3d Cir. 2001). Accordingly, we shall accept Magistrate Judge Blewitt's recommendation that Plaintiff's First Amendment retaliation claim be dismissed.

### 5. Fourth Amendment Unlawful Seizure of Property Claim

Plaintiff claims that the Defendants "violated the Fourth Amendment by seizing indigent inmate funds without a legitimate institutional interest." (Doc. 1, p. 2B). In particular, Plaintiff claims that Defendant Williams deducted $21.37 from his inmate account after Plaintiff received a $25.00 birthday gift in order to pay an "encumbrance debt" Plaintiff owed despite the fact that Plaintiff stated he was indigent. (Doc. 1, p. 2B).

As noted above, the Defendants' alleged failure to follow BOP regulations does not necessarily give rise to a constitutional violation. Further, and as also previously discussed, Plaintiff does not have a constitutional right to have litigation expenses paid for. While Plaintiff may dislike that he has to pay for the photocopies of his legal documents, he cannot make a constitutional claim on these facts. Plaintiff has cited no facts that give rise to a Fourth Amendment claim, thus we shall accept Magistrate Judge Blewitt's recommendation that this claim be dismissed.

## V. CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety.[2] An appropriate Order shall issue.

---

[2] We further accept Magistrate Judge Blewitt's recommendation not to permit Plaintiff to amend his Complaint since we have found that he has failed to state any such claims and granting leave to amend would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended would fial to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).